**Beverly SCHULTZ, Plaintiff— Appellant,**

v.

**SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, Defendant— Appellee.**

**No. 05–16487.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed July 18, 2007.

James J. Fishel, Esq., Fishel and Fishel, Martinez, CA, for Plaintiff–Appellant.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Linda Meyer, Esq., Low, Ball & Lynch, San Francisco, CA, for Defendant–Appellee.

Before: THOMPSON, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Beverly Schultz appeals both the summary judgment entered in favor of Bay Area Rapid Transit District (BARTD), and the order awarding attorney's fees and costs to BARTD. We affirm.[1]

### I

There is no competent evidence in the record that raises a triable issue of fact about BARTD's design immunity for the deficiencies Schultz claims, or about loss of this immunity. *See Cornette v. Dep't of Transp.,* 26 Cal.4th 63, 69, 72, 109 Cal. Rptr.2d 1, 26 P.3d 332 (2001). She does not contest design immunity on appeal, and even if the excerpts she attaches were properly before the court (which they aren't), there is no evidence that changed conditions were not factored into the original design, or have made BARTD's operation more dangerous. *See, e.g., Weinstein v. Cal. Dep't of Transp.,* 139 Cal.App.4th 52, 60, 42 Cal.Rptr.3d 417 (2006).

Although Schultz argues that the district court failed to consider the impact of Cal. Civ.Code § 2100, she develops no argument with respect to it that is sufficient to raise the issue on appeal. *See, e.g., Kopczynski v. The Jacqueline,* 742 F.2d 555, 560 (9th Cir.1984). In any event, it is uncontroverted that BART trains have numerous handholds and grab poles, as well as an audible chime and flashing light. For this reason, no triable issue was raised on a theory of failure to warn, either.

While Schultz mentions denial of discovery, she does not identify any ruling that impacted her ability to oppose summary judgment.

Finally, Schultz moves for recusal of the presiding judge pursuant to 28 U.S.C. § 455(a). Doing so now is untimely. *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1295 (9th Cir.1992). Regardless, Schultz points to nothing that rises to the level of recusal. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

### II

Schultz's appeal from the order granting attorney's fees under the Americans with Disabilities Act, 42 U.S.C. § 12205, is untimely as the order was entered August 26, 2005 and the notice of appeal was not filed until·October 17. Fed. R.App. P. 4(a)(1); *Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir.1999). Even if her appeal with respect to the award under Fed.R.Civ.P. 56(g) were timely, it nonetheless fails as the district court did not abuse its discretion in finding that the affidavit was in bad faith. We do not consider the propriety of sanctions under 28 U.S.C. § 1927 or Fed. R.Civ.P. 11 as the district court simply referred to these provisions as additional authority; no additional fees or costs were granted.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Schultz's request for judicial notice is denied.